## PENSE v. HIXON.

At no time during our existence as a territory, was dower changed from what it was under the organic acts of Wisconsin and Iowa, or different from what it was at common law.

Independent of a statute declaring that it might be thus extinguished, a sale on execution, or other judicial sale, under a judgment against the husband, would not bar the wife's right of dower.

DOWER. The husband was seized of the lands in controversy after, and during, his marriage with plaintiff. In 1841, judgment was recovered against him, under which, in 1844, the lands were sold to the person under whom defendant claims. The husband died in 1856, and the wife never relinquished by any act of her's, her right of dower; *Held*, That the wife was entitled to dower in the premises.

*Appeal from the DesMoines District Court.*

TUESDAY, JUNE 7.

Plaintiff seeks to recover her dower in certain lands, as the widow of William Pense. To the defendant's answer, there was a demurrer, which was sustained, and from this order he appeals. The material facts appear in the opinion of the court.

*Browning & Tracy*, for the appellant.

*C. Ben Darwin*, for the appellee.

WRIGHT, C. J.—The only question in this case is, whether plaintiff is entitled to dower upon the following state of facts: The husband was seized of the lands in controversy after and

during his marriage with plaintiff. In 1843, a judgment was recovered against him, in the Des Moines district court, under which, in 1844, the lands were sold to the person under whom defendant claims.   The husband died in 1856, and the plaintiff never relinquished, by any act of hers, her right to dower.

By the act of January 25, 1839, 484, section 41, the dower of the wife in the real property of the husband, consisted in a life estate of one-third.   Chapter 21 of the Laws of 1845, section 6, provides that dower shall be, and remain, as at common law.   The Code, (section 1294), gave her one-third in value in fee simple, of all real estate "which has not been sold on execution, or other judicial sale, and to which the wife has made no relinquishment of her rights."   This section was repealed in 1853, (Laws of 1853, ch. 61, 97), and the dower of the wife fixed as at common law.   After the repeal of the law of 1839, by the acts of 1842–3, (Revised Laws of 1843), there was no statute in this Territory defining dower, until that of June 10th, 1845, above cited.

There was, therefore, no statute upon the subject, at the time of the sale by the sheriff in 1844, of the lands in which the plaintiff now claims dower.   The ordinance of 1787, secured to the widow of the intestate, one-third part of the real estate for life, which was to remain in force until altered by the legislature of the district.   This provision extended to the territory of Wisconsin, (Organic Law of Wisconsin, section 12; Code, 522), and was in like manner secured to the inhabitants of this territory. (Organic Laws, section 12; Code, 530).   At no time during our existence as a territory, was dower changed from what it was by the ordinances cited, or different from what it was at common law.

There never has been a statute, (except the Code, section 1294), either in the territory or state, which provided that the wife should not have dower, in lands which had been sold on execution, or other judicial sale.   And this section, as we have seen, was repealed by the act of ———, 1853. Thus, it is seen, that at the time of the sale by the sheriff,

and at the husband's death, the dower of the wife was one-third part of the real estate for life, or limited as at common law; and that at neither date, was there a provision that it could be extinguished by a sale under execution against the husband. Independent of a statute declaring that it might be thus extinguished, would such a sale bar dower? That it would not, we think is very clear from the authorities. 1 Gilman, 508; 1 Paige, 635; *O'Ferrall* v. *Simplot*, 4 Iowa, 381.

Judgment affirmed.